UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUY J. STRATTAN, JR.,

        Plaintiff,

vs.       Case No. 2:07-cv-526-FtM-29SPC

VICKIE LANGFORD and MALISSA CARROLL,
in their individual capacities,

        Defendants.
_____

## ORDER OF DISMISSAL

     This matter comes before the Court upon review of Plaintiff's Amended Complaint Civil Rights Complaint Form (Doc. #9, Amended Complaint), filed September 24, 2007.

Plaintiff, who is proceeding *pro se* and currently in the custody of the Florida Department of Corrections, filed an Amended Complaint alleging violations of his constitutional rights occurred while he was incarcerated at Hendry Correctional Institution. See generally Amended Complaint. On the Amended Complaint, under the Exhaustion of Administrative Remedies section, Plaintiff specifically checks the "no" box in response to whether he filed any emergency grievances. Id. at 2. Plaintiff checked the "yes" indicating that he filed an informal grievance. Id. at 3. However, in response to whether he filed any further grievances, including a formal grievance or an appeal to the office of the secretary, Plaintiff checked the "no" box. Id.

The Prison Litigation Reform Act ("PLRA") requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2).

The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, the expiration of the statute of limitations, or failure to exhaust administrative remedies are examples that warrant a *sua sponte* dismissal by the court for failure to state a claim if these affirmative defenses appear on the face of the complaint. Jones v. Bock, 549 U.S. ___, 127 S. Ct. 910, 920-923 (Jan. 22, 2007); Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636 (11th Cir. 1990). Here, upon review of the Complaint it is apparent that the Complaint fails to state a claim as a result of the exhaustion of administrative remedies requirement. Significantly, 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility as are until such administrative remedies as are available are exhausted."

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the

administration of prisons," <u>Woodford v. NGO</u>, 126 S. Ct. 2378, 2382 (2006)(citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," <u>Id.</u>; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" <u>Id.</u>

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." <u>Woodford</u>, 126 S. Ct. at 2387 (emphasis added). In <u>Johnson v. Meadows</u>, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. <u>Id.</u> at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. <u>Woodford</u>, 126 S. Ct. at 2382; <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Booth</u>, 532 U.S. at 741 (finding that Congress has mandated exhaustion of

administrative remedies, regardless of whether the relief sought--i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 127 S. Ct. at 921. Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id. When an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Clark, 915 F.2d at 641 n.2. Rather, a court may properly *sua sponte* dismiss the complaint under these limited circumstances. See Miller v. Woodham, 2006 WL 955748 at *1 (11th Cir. Apr. 12, 2006).

Pursuant to the Florida Administrative Code Chapter 33-103, Plaintiff is required to exhaust all available administrative

remedies before pursuing a civil rights action. Specifically, the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.005-.007. Except in certain circumstances, when an inmate files a formal grievance, he or she must attach the informal grievance and the response received to the informal grievance. Id. at 33-103.006(2)(h). If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6).

Here, based upon the face of the Complaint, it is apparent that Plaintiff prematurely filed his Complaint, prior to exhausting his administrative remedies. See Complaint at 2-3. Consequently, the Court will dismiss this action without prejudice for failure to state a claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of January, 2008.

                                                  _____
                                                  JOHN E. STEELE
                                                  United States District Judge

SA: alj
Copies: All Parties of Record